UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT D. SANGO,

        Plaintiff,

v.

SHERRY L. BURT, et al.,

        Defendants.
_____/

Case No. 1:19-cv-729

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Burt. Plaintiff's claims against Defendants Maus, Brown, and Brock remain.

## **Discussion**

### I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. The events

about which he complains occurred at that facility. Plaintiff sues MCF Warden Sherry L. Burt; MCF Lieutenant Unknown Brown; and MCF Corrections Officers Unknown Maus and Unknown Brock.

Plaintiff alleges that on August 9, 2019, Defendant Maus conducted a search of Plaintiff's cell. When Plaintiff returned to his cell, his religious literature had been thrown around the cell and a racial slur and a swastika had been drawn on the wall. Plaintiff wrote a grievance against Maus.

Plaintiff contends that Maus, in retaliation for the grievance, threatened Plaintiff with violence, called him a "Black Jew," and solicited violent white nationalists to stab Plaintiff.

Plaintiff complained to shift command about Maus. Defendant Brown "put the word out" that nothing should be done to protect Plaintiff from the violence threatened by Maus.

Plaintiff complained to Defendant Brock who serves as the Security Threat Coordinator at MCF. Specifically, Plaintiff believed that Brock was not screening white nationalist prisoners who were involved with white nationalist groups. In retaliation for Plaintiff's complaint, Brock recruited white nationalists to harm Plaintiff as well.

Plaintiff attempted to negotiate a peace treaty between religious leaders and gang leaders to quell the increasing white nationalist group violence. The stakeholders agreed they would not resort to violence if they were rewarded. When Plaintiff brought the matter to Defendant Burt, however, she refused to consider that possibility.

Plaintiff seeks declaratory relief against Defendant Burt, injunctive relief against Maus and Brock barring them from MCF, and nominal, compensatory and punitive damages against all Defendants.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under

3

§ 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The crux of Plaintiff's complaint is that Defendants have failed to protect him from, and in some instances have actually instigated, violence against Plaintiff by white nationalists. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Plaintiff's allegations relating to Defendants Maus, Brock, and Brown, sufficiently state such a claim.

Moreover, in each instance the deliberate indifference is purportedly motivated by Plaintiff's participation in conduct protected by the First Amendment—filing a grievance, filing a civil rights complaint, or voicing a complaint. Therefore, Plaintiff's allegations also suffice to state a claim against Defendants Maus, Brock, and Brown for First Amendment retaliation.

Plaintiff's allegations with regard to Defendant Burt, however, fall short. Although Plaintiff contends Defendant Burt has failed to protect Plaintiff from the risk of white nationalist violence, the only active conduct by Defendant Burt is her refusal to capitulate to the

demand for "reward" as required by the peace treaty brokered by Plaintiff. Refusing to pay tribute to violent prisoners to refrain from violence does not support an inference of deliberate indifference. It is certainly far different than soliciting that violence against Plaintiff (Maus and Brock) or actively counseling against protecting Plaintiff from that violence (Brown). Moreover, Plaintiff does not allege that Defendant Burt has taken any action against him in retaliation for Plaintiff's participation in conduct protected by the First Amendment. Accordingly, Plaintiff has failed to state a claim against Defendant Burt.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Burt will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants Maus, Brock, and Brown remain in the case.

An order consistent with this opinion will be entered.

Dated:   October 2, 2019                    /s/ Janet T. Neff
                                            Janet T. Neff
                                            United States District Judge