UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO #252200,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                  Case No. 1:19-cv-729

SHERRY BURT, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment based on Failure to Exhaust and Motion to Dismiss based on Eleventh Amendment Immunity. (ECF No. 17.) The combined motions are fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion for summary judgment be **GRANTED IN PART AND DENIED IN PART** and that Defendants' motion to dismiss Plaintiff's official-capacity claims be **GRANTED**.

**BACKGROUND**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued various MDOC employees pursuant to 42 U.S.C. § 1983. Following screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are against Defendants Maus, Brown, and Brock for violation of his Eighth Amendment rights.[1] (ECF Nos. 4 and 5.)

---

[1] Although the screening opinion indicated that Plaintiff alleged an Eighth Amendment claim, it appears that Plaintiff may have also intended to allege a First Amendment retaliation claim.

1

The events that form the basis of Plaintiff's claims occurred at the Muskegon Correctional Facility (MCF), where Plaintiff was incarcerated until approximately March 2020. Plaintiff alleges that Defendant Maus searched Plaintiff's cell on August 9, 2019, and when Plaintiff returned to his cell, he found his religious materials thrown around the cell and a racial slur and a swastika drawn on the wall. Plaintiff wrote a grievance against Defendant Maus. Plaintiff alleges that, in retaliation for the grievance, Maus threatened Plaintiff with violence, called him a "Black Jew," and solicited white nationalists to stab Plaintiff.

Plaintiff complained to shift command about Maus. Defendant Brown "put the word out" that nothing should be done to protect Plaintiff from the violence threatened by Maus. Plaintiff also complained to Defendant Brock, who serves as MCF's Security Threat Coordinator. Plaintiff believed that Brock was not screening white nationalist prisoners who were involved with white nationalist groups. In retaliation for Plaintiff's complaint, Brock recruited white nationalists to harm Plaintiff as well.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of their motion, Defendants attach a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time. (ECF No. 18-3.) Defendants note that Plaintiff did not exhaust any grievance to Step III concerning an event that

3

occurred at MCF during 2019. In response, Plaintiff does not dispute that he did not exhaust a grievance to Step III relating to the events in his complaint. He states, however, that he filed grievances on all Defendants, all of them were rejected at Step I, and when he requested Step II forms, he was placed on modified access pursuant to the MDOC's grievance policy, Policy Directive 03.02.130. (ECF No. 29 at PageID.135.) Plaintiff submits his declaration and an August 28, 2019 Memorandum from MCF Grievance Coordinator L. Barnes—placing Plaintiff on modified grievance access from August 28, 2019 to November 27, 2019—to support his claim that he could not proceed further in the grievance process because he could not obtain Step II appeal forms. (ECF No. 29-1 at PageID.140; ECF No. 29-2 at PageID144.)

Pursuant to the modified access procedure, "[a] prisoner or parolee who files an excessive number of grievances (three within a 30 calendar day span) that are rejected or [if] the prisoner is found guilty of misconduct for filing an unfounded grievance . . . may have access to the grievance process limited . . . for an initial period of not more than 90 calendar days." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ JJ. While on modified access, a prisoner may obtain Step I forms only through the Step I Grievance Coordinator. The Grievance Coordinator will provide a Step I form if the Grievance Coordinator determines that the issue the prisoner wishes to grieve is grievable or otherwise meets the criteria of the policy. *Id.* at ¶ MM. Thus, a prisoner placed on modified access is not categorically excluded from using the grievance process. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005).

Plaintiff argues that his claims should be deemed exhausted because, after filing his Step I grievances against Defendants, he requested Step II appeal forms and was then placed on modified access. Plaintiff cites *Sango v. Burns*, No. 1:15-CV-356, 2016 WL 1237475 (W.D. Mich. Mar. 30, 2016) (citing *Walker*, 128 F. App'x at 446), and *Hartsfield v. Mayer*, No. 95-1411, 1996 WL

4

43541 (6th Cir. Feb. 1, 1996), as supporting his argument.[2]  In reply, Defendants contend that Plaintiff fails to show exhaustion.  Defendants submit an affidavit from Grievance Coordinator Loretta Barnes, who states that modified access status does not preclude a prisoner from pursuing a pre-modified-access Step I grievance to Steps II or III.  (ECF No. 34-2 at PageID.180.)  That is, a prisoner on modified access does not need permission to file a Step II or Step III appeal in that instance.  (*Id.*)  Barnes further states that she determined from a review of her records that Plaintiff did not request a Step II appeal form for grievance MCF-19-08-590-17G, which was against only Defendant Maus, or for his grievances against Defendants Brown and Brock.  (*Id.*; *see also* ECF No. 34-2; ECF No. 29-2 at PageID.146.)  Plaintiff's declaration, which asserts that he requested a Step II grievance form "around 8-23-19" for grievance MCF-19-08-590-17G MCF, suffices to create a genuine issue of material fact as to whether Plaintiff requested, but never received, a Step II form for that grievance.[3]  However, because Plaintiff's declaration does not state that he requested Step II forms for his grievances against Defendants Brown and Brock, which were filed and denied before Plaintiff was placed on modified access, Plaintiff fails to create a genuine issue as to whether he exhausted his claims against those Defendants.[4]

---

[2] Plaintiff's reliance on *Hartsfield* is misplaced because, while the opinion addressed the prisoner's placement on modified access in connection with the plaintiff's access-to-the-courts claim, it did not deal with the issue of exhaustion.

[3] In their reply Defendants note that Plaintiff submitted "[a]n unnotarized 'declaration.'"  However, 28 U.S.C. § 1746 does not require that a declaration be notarized, as Defendants suggest.  While Plaintiff's declaration does not technically comply with the statute because the "under penalty of perjury" verification is at the beginning, rather than at the end, of the declaration, that technical defect does not render the declaration invalid.  *See Brown v. Perry*, No. 1:16-cv-1117, 2018 WL 3134479, at *2 n.1 (W.D. Mich. June 27, 2018).

[4] In his unauthorized sur-reply, which the undersigned has considered, Plaintiff appears to argue, without supporting caselaw, that qualification for the imminent danger exception waives or excuses the exhaustion requirement.  This argument lacks merit.  *See Boulding v. Mich. Dep't of Corrs.*, No. 13-14325, 2015 WL 136195, at *3 (E.D. Mich. Jan. 6, 2015), *report and recommendation adopted*, 2015 WL 1510446 (E.D. Mich. Mar. 24, 2015) (citing cases holding

Accordingly, Plaintiff's claims against Defendants Brown and Brock should be dismissed without prejudice for lack of exhaustion.

Defendants also argue that the Court should dismiss Plaintiff's claims against them in their official capacities with prejudice because such claims are barred by the Eleventh Amendment. Plaintiff did not respond to this argument. Defendants are correct that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment based on Failure to Exhaust and Motion to Dismiss based on Eleventh Amendment Immunity (ECF No. 17) be **granted in part and denied in part**, dismissing Plaintiff's claims against Defendants Brown and Brock without prejudice based on Plaintiff's failure to exhaust his administrative remedies, denying the motion for summary judgment as to Defendant Maus, and dismissing Plaintiff's official-capacity claims with prejudice based on Eleventh Amendment immunity.

---

that the PLRA's statutory exhaustion requirement is not subject to exceptions for exigent circumstances or imminent danger).

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 29, 2020  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge