UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO #252200,

    Plaintiff,                                                     Hon. Janet T. Neff

v.                                                              Case No. 1:19-cv-729

SHERRY BURT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Maus's Motion for Summary Judgment. (ECF No. 46.) Plaintiff has responded to the motion. (ECF No. 49.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **GRANTED IN PART AND DENIED IN PART**.

**I. Background**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued various MDOC employees pursuant to 42 U.S.C. § 1983. Plaintiff's remaining claims are against Defendant Maus in his individual capacity for violating Plaintiff's Eighth Amendment rights and retaliating against him in violation of the First Amendment.

The events that form the basis of Plaintiff's claims occurred at the Muskegon Correctional Facility, where Plaintiff was incarcerated until approximately March of 2020. Plaintiff alleges that Defendant Maus searched Plaintiff's cell on August 9, 2019, and when Plaintiff returned to his cell, he found his religious materials thrown around the cell and a racial slur and a swastika drawn on the wall. Plaintiff wrote a grievance against Defendant Maus. Plaintiff alleges that, in retaliation

1

for the grievance, Maus threatened Plaintiff with violence, called him a "Black Jew," and solicited white nationalists to stab Plaintiff. The pertinent allegations in Plaintiff's verified complaint are as follows:

> After writing a grievance Maus went to prisoners who are White Nationalist and told them to stab me and he would give them 10 Saboxa strips (drugs) for payment. Maus began calling me "Black Jew" and telling me when he dots his eyes they don't heal (suggesting he or someone would stab me in the eye with a shank – a favorite target of hit men).

(ECF No. 1 at PageID.2.)

Plaintiff attached to his complaint a "Declaration of Facts" by Dallas Lewis, in which Lewis claimed that Maus had solicited him to stab Plaintiff in exchange for drugs. (ECF No. 1-2.) Lewis informed Plaintiff about Maus's alleged solicitation of an Aryan Nation prisoner to stab Plaintiff. (ECF No. 47-3 at PageID.244.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party and may grant summary judgment only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III.  Discussion

    A.    **Retaliation Claim**

In order to state a First Amendment retaliation claim, a plaintiff must establish that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Defendant Maus argues that Plaintiff cannot establish a prima face case of retaliation because he has no admissible evidence to prove the adverse action element. (ECF No. 47 at PageID.226.) He thus impliedly concedes that Plaintiff can establish that he engaged in protected conduct and, if Plaintiff can establish an adverse action, that Plaintiff can establish the causation requirement as well.

In support of his motion, Maus submits an affidavit stating that he did not throw Plaintiff's religious literature around his cell and did not write a racial slur or anything else on the wall of Plaintiff's cell. (ECF No. 47-2 at PageID.239.) Maus further states that he never spoke with prisoner Dallas Lewis about Plaintiff and did not solicit Lewis or anyone else to harm Plaintiff. (*Id.*)

Maus argues that Plaintiff has no admissible evidence that Maus attempted to get prisoner Lewis to stab or attack Plaintiff. Maus notes that because Plaintiff admitted in his deposition that he was not part of the alleged conversation between Maus and prisoner Lewis, he lacks personal knowledge of the alleged conversation. (ECF No. 47-3 at PageID.245.) Thus, Maus asserts, Plaintiff's testimony on this issue would constitute inadmissible hearsay. Maus further argues that Plaintiff cannot rely on Lewis's "Declaration of Facts" attached to the complaint because it does

3

not comport with 28 U.S.C. § 1746(2). Pursuant to that statute, an unsworn statement is admissible to the same extent as an affidavit if it "substantially" complies with "the following form:"

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746(2).

Lewis's declaration states, in pertinent part, "I, Dallas Jason Lewis . . . does [sic] declare under the penalty of perjury that the following statements are true and correct *to the best of my knowledge, information and belief.*" (ECF No. 1-2 (italics added).) Defendant Maus argues that the addition of the italicized phrase disqualifies Lewis's declaration from consideration on summary judgment. Pursuant to Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A court may not consider statements made "on information and belief" in deciding a summary judgment motion. *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015).

Maus cites several cases from this district which declined to consider declarations containing qualifying language similar to that in the Lewis declaration. For example, in *Bragg v. Staff*, No. 1:16-cv-1271, 2019 WL 5273761, at *5 (W.D. Mich. July 23, 2019), *report and recommendation adopted*, 2019 WL 4409486 (W.D. Mich. Sept. 16, 2019), the court declined to consider declarations from two witnesses because they were limited "to the best of [the declarant's] information, knowledge and belief." In *Odom v. Hoffner*, No. 1:13-cv-98, 2017 WL 6811704, at *3 (W.D. Mich. Sept. 27, 2017), the court noted that the plaintiff deviated from the statutory language of Section 1746 because "he introduced further limitations that the statements found in

4

his declaration were made 'to the best of [his] knowledge and belief.'" *See also Brooks v. Longcore*, No. 1:11-cv-1060, 2012 WL 4501011, at *4 (W.D. Mich. June 15, 2012), *report and recommendation adopted*, 2012 WL 4501010 (W.D. Mich. Sept. 28, 2012) (stating that the plaintiff diluted the language of Section 1746 by stating that his statements were true "to the best of his knowledge, information and belief" and noting that the plaintiff failed to differentiate between allegations based on his personal knowledge and allegations based on his information and belief).

Plaintiff responds that in *Ondo*, *supra*, the Sixth Circuit held "that when affidavits based on knowledge and belief are submitted to support or oppose a motion for summary judgment, the district court has discretion to determine whether it can differentiate between knowledge and belief for each averment in the affidavit." 795 F.3d at 605. The *Ondo* court said that if the district court can distinguish between statements made on personal knowledge and those based on information and belief, "the court should excuse the affiant's stylistic error, and must admit the parts based solely upon personal knowledge, while striking the parts based upon belief." *Id.*; *see also Kyle v. Skipper*, No. 1:19-cv-353, 2020 WL 4194493, at *2 n.1 (W.D. Mich. June 30, 2020), *report and recommendation adopted*, 2020 WL 4192749 (W.D. Mich. July 21, 2020) (although the plaintiff's declaration was not properly sworn, the court would consider assertions based on the plaintiff's first-hand knowledge because "Plaintiff would certainly be capable of presenting such in admissible form at trial").

Employing the discretion discussed in *Ondo*, I conclude that Lewis's declaration may properly be considered on summary judgment because all of the statements set forth therein reflet Lewis's first-hand knowledge of his conversation with Maus. Plaintiff therefore could present Lewis's testimony in admissible form at trial by calling Lewis as a witness. In addition, in his

response to Maus's motion, Plaintiff submits a separate statement from Lewis stating that it was "sign[ed] . . . under penalty of perjury according to my personal knowledge." (ECF No. 49-2.) In this statement, Lewis recounts the same conversation with Maus mentioned in his Declaration of Facts. Maus does not object to this statement or argue that the Court may not consider it.

Finally, Maus does not address Plaintiff's allegation that Maus threatened Plaintiff with physical harm after he filed his grievance—a separate adverse action. *See Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (noting that physical threats could be an adverse action). Maus thus does not argue that his alleged implicit threat to have someone stab Plaintiff in the eye cannot amount to adverse action. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 504 (6th Cir. 2011) ("Although the alleged threats of violence or other retaliation were not explicit, the words Reynolds–Bey attributes to Kingsbury can be construed as an implicit, and nontrivial, threat.").

Accordingly, I conclude that Maus is not entitled to summary judgment on the retaliation claim.

### B.     Eighth Amendment Claim

Plaintiff's Eighth Amendment claim is based on the same facts as his retaliation claim. Maus argues that he is entitled to summary judgment on this claim because Lewis's declaration may not be considered on summary judgment. For the reasons set forth above, this argument lacks merit.

Maus further argues, however, that even considering Lewis' declaration, he is entitled to summary judgment on Plaintiff's Eighth Amendment claim because Plaintiff fails to allege that he suffered any actual harm. Maus notes that it is undisputed that Plaintiff was never assaulted, and Plaintiff presents no evidence that he suffered any emotional or psychological injury to support his claim for damages. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (concluding that the plaintiff's Eighth Amendment failure-to-protect claim was subject to dismissal because the

plaintiff failed to allege that he was actually physically injured or that he suffered any emotional or psychological injury from the alleged threats). As stated in *Thompson v. County of Medina*, 29 F.3d 238 (6th Cir. 1994), "[t]his Court has held that while a prisoner does not need to demonstrate that he has been the victim of an actual attack to bring a personal safety claim, he must establish that he reasonably feared such an attack." *Id.* at 242. While one might expect that Plaintiff would reasonably fear an attack or suffer some emotional or psychological injury from the alleged threats, Plaintiff provides no evidence that he did. In fact, Plaintiff does not specifically address this argument in his response. Accordingly, I recommend that Defendant Maus be granted summary judgment on Plaintiff's Eighth Amendment claim.

## IV.  Conclusion

For the foregoing reasons, I recommend that Defendant Maus's Motion for Summary Judgment (ECF No. 46) be **granted** with regard to Plaintiff's Eighth Amendment claim and **denied** with regard to Plaintiff's First Amendment retaliation claim.

Dated: April 13, 2021                                                   /s/ Sally J. Berens
                                                                                        SALLY J. BERENS
                                                                                        U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).